**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nancy Bono,                     ) | No. CV 15-548-TUC-CKJ (LAB) |
|         Plaintiff,     ) | **REPORT AND RECOMMENDATION** |
| vs.                         ) | |
|                         ) | |
| State Farm Mutual Automobile Insurance) Company, a foreign corporation,    ) | |
|         Defendant.     ) | |
| _____ ) | |

Pending before the court are cross-motions for summary judgment filed on May 19, 2016.  (Doc. 23); (Doc. 25)

The plaintiff in this action, Nancy Bono, claims her insurer, State Farm, wrongly denied her claim for underinsured motorist (UIM) coverage.  Bono argues UIM coverage applies to the wrongful death of her son, who was killed by an automobile while he was walking in a crosswalk.  Her son was not insured under her policy, but she is statutorily entitled to bring an action against the tortfeasor for her son's wrongful death.

Bono and State Farm both move for summary judgment based on the construction of the insurance policy and the Arizona UIM statute, A.R.S. 20-259.01.

The case has been referred to Magistrate Judge Bowman for a report and recommendation pursuant to the Local Rules of Practice.  LRCiv 72.2.  A hearing on the motion was held on December 19, 2016.

Background

The parties stipulate to the following facts:  Bono's son was struck and killed by a drunk driver while he was walking in a crosswalk.  (Doc. 24, pp. 2, 5)  The driver was insured by Farmers, which tendered the $50,000 liability limit to Bono for her son's wrongful death, pursuant to A.R.S. § 12-612. (Doc. 24, p. 2)  Bono's damages exceeded $50,000; the driver was therefore "underinsured."  *Id.*

Bono was insured by State Farm.  Her auto insurance policy[1] contains underinsured motorist (UIM) coverage for $100,000.  (Doc. 24, p. 2)  Bono's son did not live with her and was not a named insured on her automobile policy.  That policy contains the following UIM provision:

Insuring Agreement

***We*** will pay compensatory damages for ***bodily injury*** an ***insured*** is legally entitled to recover from the owner or driver of an ***underinsured motor vehicle***.

The ***bodily injury*** must be:

1. sustained by an ***insured***; and

2. caused by an accident that involves the operation, maintenance" or use of an ***underinsured motor vehicle*** as a motor vehicle.

***Bodily Injury*** means bodily injury to a ***person*** and sickness; disease, or death that results from it.

(Doc. 24, p. 4)  (emphasis in original)

Bono submitted a claim for UIM benefits, but State Farm denied her claim because her son was not insured under the policy, and therefore an insured did not suffer a bodily injury.  (Doc. 24, pp. 3-4)

Bono filed suit in Arizona Superior Court on July 17, 2015.  (Doc. 24, p. 4)  State Farm removed the case to this court on November 23, 2015.  *Id.*

---

[1]  Bono, in fact, has two auto insurance policies, but that does not affect the court's analysis.

1   On May 19, 2016, Bono and State Farm filed cross-motions for summary judgment

2   on the issue of UIM coverage.  (Doc. 23);  (Doc. 25)  Bono filed a response; and State Farm

3   filed a reply.  (Doc. 26);  (Doc. 27)

4   A hearing on the cross-motions was held on December 19, 2016.

5

6   Standard of Review:  Summary Judgment

7   Summary judgment is appropriate only "if the movant shows that there is no genuine

8   dispute as to any material fact and the movant is entitled to judgment as a matter of law."

9   Fed. R. Civ. P. 56(a).  There is a genuine dispute "if the evidence is such that a reasonable

10  jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477

11  U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986).

12  In this case, the parties have stipulated to the material facts and seek a ruling on the

13  terms of the insurance policy.  This is a question of law particularly suited to resolution on

14  cross-motions for summary judgment.  *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145,

15  1147 (9th Cir. 1998).

16  The court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.  (Doc. 1, p.

17  1)  "The task of a federal court in a diversity action is to approximate state law as closely as

18  possible in order to make sure that the vindication of the state right is without discrimination

19  because of the federal forum."   *Orkin v. Taylor*, 487 F.3d 734, 741 (9th Cir. 2007).  "If the

20  state's highest appellate court has not decided the question presented, then we must predict

21  how the state's highest court would decide the question."  *Id*.  "In doing so, we take state law

22  as it exists without speculating as to future changes in the law."  *Id*.

23

24  Discussion

25  "An insurance policy is a contract between the insurer and its insured."  *Liberty Ins.*

26  *Underwriters, Inc. v. Weitz Co., LLC*, 215 Ariz. 80, 83, 158 P.3d 209, 212 (App. 2007).

27  "Courts construe the written terms of insurance contracts to effectuate the parties' intent and

28

to protect the reasonable expectations of the insured." *Id.* (internal punctuation omitted). "If the contractual language is clear, we will afford it its plain and ordinary meaning and apply it as written." *Id.*

Where the policy is "susceptible to different constructions," the court should begin by "examining the purpose of the clause in question, the public policy considerations involved and the transaction as a whole." *California Cas. Ins. Co. v. American Family Mut. Ins.*, 208 Ariz. 416, 418, 94 P.3d 616, 618 (App. 2004).  If, after this inquiry, the court still finds ambiguity, the clause should be construed against the insurer.  *Id.*

In this case, the UIM policy provision applies to "compensatory damages for bodily injury."  (Doc. 24, p. 4)  The policy unambiguously states that "bodily injury" must be "sustained by an insured."  *Id*.   Here, the bodily injury was not sustained by an insured. Bono's son sustained the injury, but he was not an insured under the policy.  Accordingly, the UIM policy provision does not cover this accident.

Bono argues, however, that this particular policy provision is void because it is contrary to the statute that mandates UIM coverage in the first place, A.R.S. § 20-259.01. Bono directs the court to *Lowing v. Allstate Ins. Co.*

In *Lowing,* the Arizona Supreme Court considered a policy provision that limited uninsured (UI) benefits to accidents where there was physical contact between the insured's vehicle and the tortfeasor's.  *Lowing v. Allstate Ins. Co*., 176 Ariz. 101, 106-107, 859 P.2d 724, 729-730 (1993).  In that case, the tortfeasor forced the insured's vehicle off the road, but there was no actual physical contact between the vehicles.  Allstate refused to pay UI benefits because the insurance policy defined an uninsured motor vehicle as one "which causes bodily injury . . . by *physical contact* with the insured or with the vehicle occupied by that person." *Id*. at 103, 726 (emphasis added).  The Arizona Supreme Court found that the policy exclusion was void because it violated the statute, A.R.S. § 20-259.01, which mandates UM coverage in the first place.  That statute did not explicitly forbid the policy exclusion, but the court held that the exclusion for accidents that do not involve actual physical contact

- 4 -

"frustrates the purpose of the statute," which "is to allow a prudent person to protect himself or herself against the universe of risks." *Id.* at 106, 729.

The policy in this case unambiguously excludes accidents where bodily injury was not suffered by an insured. Nevertheless, this exclusion would be void if it were contrary to the UIM statute.

"The primary principle of statutory interpretation is to determine and give effect to legislative intent." *Lowing v. Allstate Ins. Co.*, 176 Ariz. 101, 103–04, 859 P.2d 724, 726–27 (1993). "The best and most reliable index of a statute's meaning is its language." *Id.* "That language, where clear and unequivocal, controls the statute's meaning unless it leads to absurd or impossible results." *Id.* "Where, instead, the statute's language is subject to different interpretations, the court is free to consult other sources of legislative intent such as the statute's context, historical background, consequences, spirit and purpose." *Id.*

The statute mandating the availability of underinsured motorist (UIM) coverage reads in pertinent part as follows:

> Every insurer writing automobile liability or motor vehicle liability policies shall also make available to the named insured thereunder . . . *underinsured motorist coverage* that extends to and covers all persons insured under the policy, in limits not less than the liability limits for bodily injury or death contained within the policy. . . .
>
> \*       \*       \*
>
> "Underinsured motorist coverage" includes *coverage for a person* if the sum of the limits of liability under all bodily injury or death liability bonds and liability insurance policies applicable at the time of the accident is less than the total damages for *bodily injury* or death *resulting from the accident*. . . .

A. R. S. § 20-259.01(B) & (G)  (emphasis added). The statue defines UIM coverage, in pertinent part, as "coverage for a person" for "bodily injury . . . resulting from the accident" where "total damages" exceed the liability limits. *Id.* It does not explicitly state whether the bodily injury must be suffered by the covered person. "[T]he statute's language is subject to different interpretations . . . ." *Lowing v. Allstate Ins. Co.*, 176 Ariz. 101, 103–04, 859 P.2d 724, 726–27 (1993). This court therefore must consider "other sources of legislative

intent such as the statute's context, historical background, consequences, spirit and purpose." *Id*.

Bono argues, among other things, that if the policy exclusion is not "expressly allowed" by the statute then it is void. (Doc. 23, p. 5) (citing *Lowing v. Allstate Ins. Co.*, 176 Ariz. at 106, 859 P.2d at 729)  This court does not believe the law is so cut-and-dried.  In *Lowing*, the court stated that "[e]xceptions to coverage are *not generally* permitted unless expressly allowed by statute."  *Lowing v. Allstate Ins. Co.*, 176 Ariz. at 106, 859 P.2d at 729 (emphasis added)  The court acknowledged that the rule applies "generally" not absolutely. *Id*.  Indeed, the *Lowing* court did not limit itself to analyzing the language of the statute.  It also considered public policy and the purpose behind the law.  Like the court in *Lowing*, this court extends its analysis beyond the four corners of the statute.

"The purpose of § 20–259.01 is, broadly speaking, to close the gap in protection under the Safety Responsibility Act,[2] [which mandates a certain minimum liability coverage,] . . . and protect people who are injured by financially irresponsible motorists.  *Lowing v. Allstate Ins. Co.*, 176 Ariz. 101, 104, 859 P.2d 724, 727 (1993).  UIM coverage supplements the insurance coverage that the tortfeasor already has.  It does not do so completely, however. It only applies when the tortfeasor inflicts bodily injury.

Subject to certain exceptions, every driver in Arizona must buy liability insurance in the amount of $15,000 for bodily injury to one person, $30,000 for bodily injury to two or more persons, and $10,000 for destruction of property.  A.R.S. § 28-4009; A.R.S. § 28-4135. A hypothetical tortfeasor should have at least this level of coverage.  UIM coverage protects the insured by supplementing the tortfeasor's coverage for bodily injury.  It provides no

---

[2]  "Most of the provisions of the Uniform Motor Vehicle Safety Responsibility Act are now part of Title 28 entitled 'Vehicle Insurance and Financial Responsibility,'' . . . which survive largely in their same form, but which are now numbered A.R.S. sections 28-4031 through 28-4037 (1998)." *Drucker v. Greater Phoenix Transp. Co., Inc.*, 197 Ariz. 41, 45 n.1 3 P.3d 961, 965 n.1 (App. 1999)

additional protection if the tortfeasor merely damages her property.  *See State Farm Mut. Auto. Ins. Co. v. Wilson*, 162 Ariz. 251, 255, 782 P.2d 727, 731 (1989).

The court infers from this distinction that UIM coverage is designed to protect the insured's bodily integrity not just her purse.  Accordingly, UIM coverage must apply where bodily injury is suffered by the insured, not where bodily injury suffered by someone else results in a pecuniary loss to the insured.  *See, e.g., State Farm Mut. Auto. Ins. Co. v. Wilson*, 162 Ariz. 251, 255-256, 782 P.2d 727, 731-732 (1989) (In accordance with legislative intent, UIM coverage does not extend to punitive damages assessed against the tortfeasor.).

The Arizona Supreme Court came to a similar conclusion in *Herring v. Lumbermen's Mut. Cas. Co.*, 144 Ariz. 254, 256, 697 P.2d 337, 339 (1985).  In that case, the victim, Jerry Herring, was killed in an automobile accident by an inebriated tortfeasor.  *Id*. at 255, 338. The tortfeasor's insurer paid the liability limit, $15,000, to be divided by Herring's three surviving children.  *Id*.  The children, however, were each insured under Herring's own insurance policy.  *Id*.  They each argued their loss was greater than that paid by the tortfeasor, and therefore they had a claim under their uninsured motorist (UM) coverage.[3]  *Id*.  The Arizona Supreme Court held to the contrary that UM coverage provided protection "for each person actually injured or killed and not for each person with a damage claim."  *Id*. at 256, 339.  Otherwise, "when the claims of parents, children, spouse, and any other survivor

---

[3]  The claim here was for UM coverage not UIM coverage.  That may be because the policy had no UIM coverage.  Before 1981, insurers were only required to offer uninsured motorist (UM) coverage, not underinsured motorist (UIM) coverage.  *State Farm Mut. Auto Ins.Co. v. Eden*, 136 Ariz. 460, 461, 666 P.2d 1089, 1070 (1983).  The caselaw made some allowances for this gap in the legislative scheme, and in *Porter v. Empire Fire and Marine Insurance Company*, 106 Ariz. 274, 475 P.2d 258 (1970), the Arizona Supreme Court held that UM coverage applies "[t]o the extent the tortfeasor's policy did not make available to each claimant the minimum amounts required by A.R.S. § 28-1142."  *See State Farm Mut. Auto. Ins. Co. v. Cobb*, 172 Ariz. 458, 460, 837 P.2d 1193, 1195 (App. 1992)  ("*Porter* provided the functional equivalent of underinsurance coverage where uninsured coverage was the insured's only option.").

1    recognized under the wrongful death statute exhaust the liability coverage, each survivor
2    could claim against his or her respective uninsured motorist coverage." *Id*.  The Court found
3    this result  unsupported by the express terms of the applicable statutes and "unsupported by
4    any discernible legislative intent." *Id*. at 257, 340.

5        Since Herring was decided, the legislature mandated UIM coverage and amended the
6    coverage statute, A.R.S. § 28-4009.  But, nothing in these new statutes casts doubt on the
7    Court's conclusion in *Herring* that the legislative scheme provides protection "for each
8    person actually injured or killed and not for each person with a damage claim." *Id*. at 256,
9    339.  The same proliferation of claims that the court warned against in *Herring* would occur
10   if this court were to find, as the plaintiff urges, that UIM coverage extends to bodily injury
11   suffered by third persons.

12       This court concludes that were the Arizona Supreme Court to consider the issue in this
13   case, it would hold that UIM coverage may be limited to accidents where bodily injury is
14   suffered by the insured.  And, the UIM policy language in this case is not void as contrary
15   to legislative intent.

16       In *Bartning*, the Court of Appeals of Arizona considered this issue as it relates to UM
17   coverage and reached the same conclusion. *Bartning v. State Farm Fire & Casualty*, 164
18   Ariz. 370, 793 P.2d 127 (App. 1990); *see also All. for Prop. Rights & Fiscal Responsibility*
19   *v. City of Idaho Falls*, 742 F.3d 1100, 1102 (9th Cir. 2013)  ("When the state's highest court
20   has not squarely addressed an issue, we must predict how the highest state court would
21   decide the issue using intermediate appellate court decisions [among other things] for
22   guidance.").  That court's analysis was brief, but it did explain that the "gap in protection"
23   that was closed by the UM Act was the gap that "related to injuries to the insured, and not
24   injuries to third persons." *Id*. at 372, 129.

25       Bono argues, among other things, that *Bartning* is no longer good law because the
26   statutory scheme has changed since the opinion was written.  (Doc. 23, p. 7)  Now, the
27   pertinent statute explains that UIM coverage "includes coverage for a person if the sum of

28                                          - 8 -

the limits of liability . . . at the time of the accident is less than the total damages for bodily injury or death resulting from the accident. . . .   A. R. S. § 20-259.01(G).  Bono argues that the statute "makes clear that UIM coverage must include '*a person*' for damages for 'bodily injury or death resulting from the accident.'"  (Doc. 23, p. 7)  (emphasis in original)  Bono connects the word "person" with the phrase "bodily injury or death," and infers that UIM coverage applies whenever a person suffers damages for bodily injury or death regardless of who suffers the injury.  (Doc. 26, p. 2)

The court does not agree with Bono's reading of the statute.  The word "person" describes the one who is covered, obviously the insured.  The phrase "bodily injury or death resulting from the accident" modifies the word damages.  The statute does not explicitly connect the two; that is the problem.  The statute does not clearly state whether the insured must be the person who suffers the bodily injury.  This court does not accept Bono's argument that the new statutory scheme supports her interpretation of UIM coverage and casts doubt on the holding in *Bartning*.

In fact, this court finds the opposite.  The amended statute no longer contains language that previously explained that coverage was "for the protection of persons insured *who are legally entitled to recover damages from* owners or operators . . . ."  *Bartning*, 164 Ariz. at 371, 793 P.2d at 128 (emphasis modified).  Arguably this eliminated passage emphasized the insured's right to legal damages and therefore supported the plaintiff's argument more than does the current language.  This court finds that the amendment of the UM/UIM statute *supports* rather than casts doubt upon the continued viability of the holding in *Bartning*.

This court concludes that the Arizona legislature did not intend for UIM coverage to apply to an insured's claim for damages resulting from bodily injury or death of an uninsured third person.  The language in Bono's policy that excludes this coverage is not contrary to the intent of the legislature.

1

<u>RECOMMENDATION:</u>

2       The Magistrate Judge recommends the District Court, after its independent review of

3   the record, enter an order

4       DENYING the plaintiff's motion for summary judgment (Doc. 23) and

5       GRANTING the defendant's motion for summary judgment (Doc. 25).

6       Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within

7   14 days of being served with a copy of this report and recommendation.    If objections are

8   not timely filed, the party's right to de novo review may be waived.  The Local Rules permit

9   the filing of a response to an objection.  They do not permit the filing of a reply to a response

10  without the permission of the District Court.

11

12       DATED this 22nd day of December, 2016.

13

14   _Leslie A. Bowman_____

15                   Leslie A. Bowman
                  United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28