**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Nancy Bono,                              )
                                         )
            Plaintiff,                    )
                                         )        No. CV 15-548-TUC-CKJ (LAB)
vs.                                      )
                                         )              **ORDER**
State Farm Mutual Automobile             )
Insurance Company, a foreign             )
corporation,                             )
                                         )
            Defendant.                    )
_____  )

On December 22, 2016, Magistrate Judge Leslie A. Bowman issued a Report and Recommendation (Doc. 31) in which she recommended the Motion for Summary Judgment (Doc. 23) filed by Plaintiff Nancy Bono ("Bono") be denied and the Motion for Summary Judgment (Doc. 25) filed by State Farm Mutual Automobile Insurance Company ("State Farm") be granted.  Bono has filed an objection (Doc. 32) and State Farm has filed a response (Doc. 33).  Bono has requested oral argument.  The Court finds it would not be assisted by oral argument and declines to set this matter for hearing.

*Standard of Review*

The standard of review that is applied to a magistrate judge's report and recommendation is dependent upon whether a party files objections – the Court need not review portions of a report to which a party does not object. *Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472-73, 88 L.Ed.2d 435 (1985).  However, the Court  must "determine de novo any part of the magistrate judge's disposition that has been properly objected to.

1  The district judge may accept, reject, or modify the recommended disposition; receive further

2  evidence; or return the matter to the magistrate judge with instruction." Fed. R. Civ. P.

3  72(b)(3); *see also* 288 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo

4  determination of those portions of the report or specified proposed findings or

5  recommendations to which objection is made.").

6

7  *Report and Recommendation – Background and Standard of Review:  Summary Judgment*

8      The parties stipulated to the facts summarized in the Report and Recommendation

9  ("R&R").  *See also* Stipulated Statement of Facts RE Motions for Summary Judgment (Doc.

10  24).  The Court adopts the facts stated by the magistrate judge.

11      Additionally, the Court adopts that portion of the R&R that states the standard of

12  review when the Court considers a motion for summary judgment.

13

14  *Statutory Definition*

15      Bono objects to the magistrate judge's conclusion that the applicable Arizona statutes

16  defines Underinsured Motorist ("UIM") "coverage, in pertinent part, as 'coverage for a

17  person' for 'bodily injury . . . resulting from the accident' where 'total damages' exceed the

18  liability limits.  It does not explicitly state whether bodily injury must be suffered by the

19  covered person.  '[T]he statute's language is subject to different interpretations . . . . " (Doc.

20  31 at 5) (citations omitted).  Bono asserts there is no need to analyze the legislative intent,

21  as the magistrate judge did, because the statute is clear and unambiguous.   Indeed, Bono

22  asserts the statute only requires an injury and damages and the "broad language does not

23  contain exceptions." *Taylor v. Travelers Indem. Co. of Am.*, 198 Ariz. 310, 314, 9 P.3d 1049,

24  1053 (2000).

25      However, the Court agrees with the magistrate judge's reliance on *Lowing v. Allstate

26  Ins. Co.*, 176 Ariz. 101, 859 P.2d 724 (1993).  *Lowing* stated that  "[e]xceptions to coverage

27  are not generally permitted unless expressly allowed by statute."  176 Ariz. At 106.  As

28  pointed out by the magistrate judge, "the *Lowing* court did not limit itself to analyzing the

1   language of the statute." (R&R , p. 6).  The *Lowing* court recognized that the statute defines

2   UIM "coverage for a person" for "bodily injury . . . resulting from the accident" where "total

3   damages" exceed the liability limits.  176 Ariz. At 103-04 (citation omitted).   However, as

4   stated by the magistrate judge, the statute "does not explicitly state whether the bodily injury

5   must be suffered by the covered person.  (R&R, p. 5).  The Court agrees with the magistrate

6   judge that the language of the statute is not clear and unambiguous and, therefore,

7   interpretation is not limited to the language of the statute.

8           Further, "every provision of a statute must be read in conjunction with the other

9   provisions, giving meaning, if possible, to 'each word, clause or sentence, considered in the

10  light of the entire act itself and the purpose for which it was enacted into law.'"  *Doty-Perez*

11  *v. Doty-Perez*, 241 P3d 372, 376-77, 388 P.3d 9, 13-14 (App. 2016) (citation omitted).  In

12  other words, the definition of UIM coverage, as stated in A.R.S. § 20-259.01(G), must be

13  read in conjunction with A.R.S. § 20-259.01(B), which requires UIM to extend to and cover

14  all persons insured under a policy.  While § 20-259.01(G) does not include exceptions, the

15  reading of §§ 20-259.01(B) and (G) together arguably does limit the coverage.  It is not clear

16  if § 20-259.01(B) is intended to limit the coverage for bodily injury to a covered person.

17  Indeed, it is arguably § 20-259.01(B) that covers the parameters of the coverage while § 20-

18  259.01(G) simply provides a definition.  The Court agrees with the magistrate judge,

19  therefore, that the statute is subject to different interpretations.

20

21  *UIM Supplemental Coverage - Bodily Injury*

22          Bono objects to the magistrate judge's inference that, because UIM coverage does not

23  provide protection if the tortfeasor merely damages property, UIM coverage is not required

24  where bodily injury is suffered by a non-insured, but where there is a pecuniary loss to the

25  insured.  Bono asserts this inference is illogical because A.R.S. § 28-4009 requires different

26  liability coverage for bodily injury and property damage (i.e., liability vs. property damage

27  portions of policies).  Bono asserts, "It does not follow from the fact UIM coverage does not

28

apply to property damage, payable under the property-damage limit of the liability policy, that wrongful-death damages, payable from the injury-liability limit of the liability policy, would not be included in UIM coverage."  (Doc. 32 at 3).

The Court agrees with the magistrate judge that an inference can be made that Arizona's UIM coverage is designed to protect an insured's bodily integrity, rather than a pecuniary loss.  *See e.g. State Farm Mut. Auto. Ins. Co. v. Wilson*, 162 Ariz. 251, 255, 782 P.2d 727, 731 (1989) (UIM coverage is required for bodily injury or death; it does "not even compensate the victim for the total loss (property as well as personal injury) suffered). (1989).  Although Bono argues this does not mean that coverage does not apply to property damage, the Court finds there is no legislative intent to expand the coverage.  Rather, the Arizona statutes provide protection "for each person actually injured or killed and not for each person with a damage claim."  *Herring v. Lumbermen's Mut. Cas. Co.*, 144 Ariz. 254, 256, 697 P.2d 337, 339 (1985); *Bartning v. State Farm Fire & Casualty*, 164 Ariz. 370, 793 P.2d 127 (App. 1990) (the gap in protection closed by the applicable statute "related to injuries to the insured, and not injuries to third persons").

*Express Terms of the Statute*

The magistrate judge concluded the "statute does not clearly state whether the insured must be the person who suffers the bodily injury." (Doc. 31 at 9).  Bono asserts that, because a limitation of UIM coverage to the bodily injury sustained by an insured is not expressly allowed by the statute, the magistrate judge should not have determined the statute did not permit it.  Indeed, exclusions and limitations that are not included in the statute are void. *Taylor*, 198 Ariz. at 315, 9 P.3d  at 1054.  Specifically, Bono asserts the magistrate judge's reliance on the word generally in *Lowing v. Allstate Insurance Co.*, 176 Ariz. 101, 104, 859 P.2d 724, 727 (1993) ("Exclusions and limitations on coverage are generally invalid unless contemplated by the statute."), fails to recognize that subsequent decisions do not qualify the statement with "generally."  Bono asserts that, because the statute does not specifically exclude this situation, it is permitted.

While the Court does not disagree with Bono that Arizona courts have not repeated "generally" in most subsequent cases discussing *Lowing*, the Court recognizes that no Arizona court has held that "generally" does not still apply in some cases.[1]  Rather, the fact that no Arizona court has discussed the non-use of "generally" and/or overruled that portion of *Lowing* in any subsequent case  indicates the Arizona courts recognize that phrase including "generally" may yet be presented to them in a future case.  The Court agrees with the  magistrate judge's conclusion that the "statute does not clearly state whether the insured must be the person who suffers the bodily injury."  (Doc. 31 at 9).  Further, Arizona law continues to recognize that "[e]xclusions and limitations on coverage are generally invalid unless contemplated by the statute."

*Amended Statute*

The magistrate judge concluded the amended UIM, rather than casting doubt on *Bartning* arguably supports a conclusion that the amendment supports the continued validity of the holding in *Bartning*.   Bono argues, however, that not only does the principle of legislative acquiescence not apply because *Bartning* was decided by the Court of Appeals rather than the Supreme Court of Arizona, but the legislature has not "declined to reject the relevant judicial interpretation." *Sw. Paint & Varnish Co. v. Arizona Dept. of Envtl. Quality*, 194 Ariz. 22, 25, 976 P.2d 872, 875 (1999). The amended statute removed the portion interpreted in *Bartning* – therefore, no Arizona opinion addresses the relevant question as applied to the relevant statute.

However, the Court does not completely agree with Bono.  Although the statute has been amended and the principles discussed in *Bartning* do not offer precedential value, the

---

[1]Addressing whether students waiting for a school bus were covered by the applicable UIM policy, the Court of Appeals of Arizona has cited to *Lowing* for the phrase including "generally." *Chavez v. Arizona Sch. Risk Retention Trust, Inc.*, 227 Ariz. 327, 330, 258 P.3d 145, 148 (App. 2011).  In *Chavez*, the court found the insurer's interpretation of the policy's statement of coverage for the occupants of the bus (which included while getting in and out of the bus) to preclude coverage for the waiting students.

Court finds *Bartning* may provide some persuasive value. *See e.g. NASD Dispute Resolution, Inc. v. Jud. Council of State of Cal.*, 488 F.3d 1065, 1069 (9th Cir. 2007) (noting that a vacated district court opinion would "not be ripped from Federal Supplement 2d," and thus would "still be citable for its persuasive weight"); *Benavides v. Jackson Natl. Life Ins. Co.*, 820 F. Supp. 1284, 1289 (D. Colo. 1993) ("Their precedential value can be diminished by an appellate court's vacation, but [[opinions] can never be erased and their reasoning may continue to be followed."). Moreover, the Court agrees with State Farm that the Arizona Supreme Court has held that A.R.S. § 20-259.01 requires coverage for "victims" not persons with derivative claims. Indeed, the *Herring* Court specifically stated that "[t]here is no requirement that such a fund be available to each person with a derivative damage claim." 144 Ariz. at 257. In fact, the Arizona Supreme Court has discussed that the legislature intended such statutes to protect insured individuals:

> "The Legislature intended the Financial Responsibility Act to protect the general public against the individual, financially irresponsible motorist. On the other hand the Uninsured Motorist law compels the carriers to provide economic *protection for the insured individual* against the financially irresponsible segment of the driving public. The former is for the public in general and the latter for the individuals who have the foresight to protect themselves against the public." (emphasis added)
>
> . . . . The insured and family members insured are covered not only when occupying an insured vehicle, but also when in another automobile, when on foot, when on a bicycle or when sitting on a porch.

*Calvert v. Farmers Ins. Co. of Arizona*, 144 Ariz. 291, 296, 697 P.2d 684, 689 (1985) (citations and footnote omitted). These cases indicate the Arizona Supreme Court has interpreted the financial responsibility statutes as requiring coverage for insureds, but not for derivative claims . . . including those based on the bodily injury or death of third persons. In light of this authority, *Bartning* does provide some persuasive value.

*Bono's UIM Policy*

Bono objects to the magistrate judge's conclusion that "the Arizona legislature did not intend for UIM coverage to apply to an insured's claim for damages resulting from bodily

- 6 -

1  injury or death of an uninsured third person.  The language in Bono's policy that excludes

2  this coverage is not contrary to the intent of the legislature." (Doc. 31 at 9.)  Bono asserts the

3  cited authority establishes that UIM insurance is remedial and that the UIM statute is to be

4  liberally construed to protect persons from underinsured motorists.  Further, Bono asserts the

5  question is whether the statute allows the limitation, not whether the legislature intended to

6  provide the coverage.

7       The Court agrees with Bono that Arizona's UIM statue is remedial and is to be

8  liberally construed to protect persons from underinsured motorists.  The Court also agrees

9  that the question is whether the statute allows for the limitation.  However, in *Herring*, the

10  Arizona Supreme Court made clear that the financial responsibility statutes do not include

11  derivative claims.

12

13  *Conclusion*

14       Bono argues that A.R.S. § 20-259.01(G) does not expressly allow an insurer to limit

15  the coverage to bodily injury or death suffered by an insured.  If an exclusion is not expressly

16  allowed in the statute, it is void.  *Lowing*, 176 Ariz. at 107, 859 P.2d at 730. This statute is

17  remedial in nature and is to be liberally construed in favor of coverage.  *Taylor*, 198 Ariz. at

18  314.

19       While the statute does not clearly state whether an insurer may limit the coverage to

20  bodily injury or death suffered by an insured, Arizona case law requires a conclusion that the

21  statute does allow an insurer to so limit the coverage.  *Herring*, 144 Ariz. at 257 (A.R.S. §

22  20-259.01 requires coverage for "victims" not persons with derivative claims; *Bartning*, 164

23  Ariz. at 372 (the language in the statute was not intended to give an insured the right to

24  recover damages for injuries to a third person); *Campbell v. Farmers Ins. Co. of Arizona*, 155

25  Ariz. 102, 745 P.2d 160 (App.1987) (rejecting argument that the term bodily injury included

26  injuries for loss of a family member; survivors' injuries were not bodily injury caused by a

27  vehicle accident).  Indeed, in *Lowing*, the Arizona Supreme Court recognized that the

28  purpose of the similar uninsured motorist statute is to "allow a prudent person to protect

himself or herself against the universe of risks." 176 Ariz. at 106. This is consistent with the Arizona case law that limits coverage to insured persons; i.e., finding derivative claims or claims based on the bodily injury or death of third persons are excluded from the statute does not diminish the purpose of allowing persons to protect themselves (by purchasing insurance) against the universe of risks.

Accordingly, after an independent review, IT IS ORDERED:

1.  The Report and Recommendation (Doc. 31) is ADOPTED.

2.  Bono's Motion for Summary Judgment (Doc. 23) is DENIED.

3.  State Farm's Motion for Summary Judgment (Doc. 25) is GRANTED.

4.  Summary Judgment is awarded in favor of State Farm Mutual Automobile Insurance Company and against Nancy Bono.

5.  The Clerk of Court shall enter judgment and shall then close its file in this matter.

DATED this 22nd day of March, 2017.

_____
Cindy K. Jorgenson
United States District Judge